IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

JANE DOE,
      Plaintiff,
    v.
O. SHANE BALLOUN, an individual; and
BALLOUN LAW PROFESSIONAL
CORPORATION, a Washington professional       2:26-cv-02100-BAT
corporation,
      Defendants.

Case No.

**PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff, Jane Doe (a pseudonym), by and through herself, respectfully moves this Honorable

Court pursuant to Federal Rule of Civil Procedure 17(a) and the Court's inherent authority, to

permit her to proceed in this matter under a pseudonym. Plaintiff seeks this protection solely to

safeguard her physical safety and privacy from serious and credible threats arising from

circumstances entirely unrelated to this litigation, and not to evade accountability or prejudice

the Defendants.

## I. INTRODUCTION

Plaintiff seeks to proceed under a pseudonym because public disclosure of her true identity

would place her and her cohabitant in immediate and serious danger from a dangerous individual

who has engaged in doxing, made explicit threats, and is subject to a permanent restraining order issued by the Arapahoe County District Court in Colorado. This threat is independent of the actions of the Defendants in this case.

This motion is not made to conceal any aspect of Plaintiff's identity from the Defendants, their counsel, or this Court. Plaintiff's true identity will be disclosed to Defendants and their counsel under an appropriate protective order, thereby ensuring they can fully and effectively defend against the claims asserted herein.

## II. FACTS

### A. Plaintiff's Vulnerability and Safety Concerns

Plaintiff is a private individual who has become the target of a dangerous third party. This individual has a documented history of harassment and threats, leading to a permanent restraining order issued by the Arapahoe County District Court in Colorado. Furthermore, this individual has engaged in doxing activities targeting Plaintiff's cohabitant and has made direct threats against Plaintiff herself. These threats have been investigated by authorities in Arapahoe County.

The nature and severity of these threats create a reasonable fear for Plaintiff's physical safety and well-being. Public disclosure of her identity in court records would foreseeably expose her to further harassment, stalking, and potential violence by this third party or individuals acting at their behest.

### B. Nature of the Underlying Action

This lawsuit concerns allegations of significant legal malpractice and related claims stemming from Defendants' professional representation of Plaintiff. Plaintiff seeks monetary damages for the harm caused by Defendants' alleged misconduct. The claims themselves do not inherently require the disclosure of Plaintiff's identity to the general public to be adjudicated fairly.

### C. Prejudice to Defendants

Granting Plaintiff leave to proceed under a pseudonym will not prejudice Defendants. Plaintiff's true identity will be disclosed to Defendants and their counsel, and Plaintiff will cooperate fully in discovery, subject to a protective order that limits the dissemination of her personal information. Defendants will have all the necessary information to prepare their defense, and the ability to conduct discovery will not be impaired.

### D. Public Interest

While the public has an interest in open judicial proceedings, this interest is not absolute. In cases where a party faces credible threats of harassment, stalking, or violence, the interest in protecting the individual's safety and facilitating their access to justice outweighs the general interest in open disclosure of their identity. Forcing Plaintiff to reveal her identity publicly would effectively deny her access to the courts, thus undermining the public interest in providing a forum for redress of grievances.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 17(a) requires that every action be prosecuted in the name of the real party in interest. However, the rule also permits a party to proceed under a fictitious name in certain circumstances. Courts have the inherent power to allow parties to proceed anonymously or under a pseudonym when necessary to protect a party from potential harm or embarrassment.

The decision to permit a party to proceed under a pseudonym requires balancing the plaintiff's need for privacy against the public's interest in open access to court proceedings and the defendant's right to a fair trial. Courts typically consider:

1. **The severity of the threatened harm:** Whether the plaintiff faces a credible and significant risk of physical harm, harassment, or severe emotional distress.

2. **The plaintiff's vulnerability:** Whether the plaintiff belongs to a vulnerable class or is particularly susceptible to the threatened harm.

3. **Prejudice to the defendant:** Whether granting pseudonym status would unduly prejudice the defendant's ability to litigate the case.

4. **The public interest:** The importance of open judicial proceedings versus the specific circumstances of the case.

See, e.g., **Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate**, 596 F.3d 1036, 1043-44 (9th Cir. 2010); **James v. Jacobson**, 6 F.3d 233, 241-43 (4th Cir. 1993).

## IV. ARGUMENT

Plaintiff faces a clear and present danger from a third party, entirely separate from the Defendants' alleged conduct. The permanent restraining order, coupled with direct threats and doxing, establishes the severity of the threatened harm. Plaintiff's status as a target of this individual makes her particularly vulnerable.

Crucially, granting Plaintiff leave to proceed under a pseudonym will not prejudice Defendants. Plaintiff's true identity will be disclosed to them and their counsel, allowing for full discovery and defense. The public interest in open courts is significantly diminished when balanced against the immediate and serious threat to Plaintiff's safety and her right to access justice without fear.

## V. CONCLUSION

For the foregoing reasons, Plaintiff Jane Doe respectfully requests that this Court grant her Motion to Proceed Under Pseudonym and enter an order permitting her to use the name "Jane Doe" throughout these proceedings. Plaintiff further requests that the Court order that her true identity be disclosed only to Defendants and their counsel, subject to an appropriate protective order.

DATED this 15th day of June , 2026.

Respectfully submitted,

JANE DOE, Plaintiff Pro Se

PO Box 461821

Aurora, CO 80046

janedoecasefile@gmail.com