UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JANE DOE,

                    Plaintiff,

        v.

O. SHANE BALLOUN, BALLOUN LAW
PROFESSIONAL CORPORATION,

                    Defendant.

CASE NO. 2:26-cv-02100-BAT

**ORDER DIRECTING PLAINTIFF
TO SHOW CAUSE AND
RENOTING MOTION TO USE
PSUEDONYM, DKT. 4.**

On June 15, 2026, Plaintiff filed a complaint against Defendants, a Washington lawyer and his law firm, and a motion to proceed under a pseudonym. Dkts. 1 and 4. The Court having considered the complaint **DIRECTS** Plaintiff to show cause as follows.

**A.      Consumer Protection Claim**

1.      Plaintiff shall show cause why the Washington Consumer Protection Act (CPA) claim should not be dismissed for failure to state a claim upon which relief may be granted.

2.      The complaint alleges Defendants: (1) committed legal malpractice, i.e. professional negligence, (2) breached their fiduciary duties to her by being dishonest with Plaintiff and not returning fees Plaintiff paid, (3) converted monies she paid for legal fees by not performing legal services, and (4) violated the CPA by misrepresenting the services they would

ORDER DIRECTING PLAINTIFF TO SHOW CAUSE
AND RENOTING MOTION TO USE PSUEDONYM,
DKT. 4. - 1

provide, failing to provide information to Plaintiff, and retaining fees for services not rendered. Dkt. 1.

3.    Plaintiff's claims of legal malpractice, negligence, theft of fees, and failure fulfill fiduciary duties a lawyer owes to a client are allegations that concern the actual practice of law, and such claims are not a basis to bring an individual CPA suit. *See Munoz v. Bean*, 192 Wash App. 1060, 2106 WL 885043 at * 10 (Div. I, March 16, 2016).

4.    The complaint also alleges Defendants engaged in deceptive trade practices by misrepresenting the work they would perform for Plaintiff, not disclosing information to Plaintiff and retaining fees for services not rendered. A private individual can bring a CPA claim for unfair or deceptive conduct that affects the public interest. *See McRae v. Bolstad*, 101 Wn.2d 161, 165 (1984). But Plaintiff's claim of deceptive trade practices or conduct are based upon the allegation Defendants violated the professional duties that they owed Plaintiff as her lawyers. Count I alleges Defendants violated their duties of competence and diligence, and duty to communicate with Plaintiff by failing to file a complaint in a state court matter; failing to pursue a writ of replevin; failing to keep Plaintiff reasonably informed and failing to advance the litigation. Counts II and III allege a breach of fiduciary duty and conversion based upon Defendants' alleged failure to account for and return attorney fees owed to Plaintiff and based upon the improper retention of fees for work not done.

5.    The complaint thus alleges Defendants violated professional duties they owed to Plaintiff. These duties regard the practice of law and specifically involve Defendants' failure to properly represent Plaintiff and account for unearned fees. *See, e.g.* Washington Rules of Professional Conduct regarding, competence, scope of representation, diligence, communication, fees, and required trust account record. The facts contained in the complaint fail to establish

ORDER DIRECTING PLAINTIFF TO SHOW CAUSE
AND RENOTING MOTION TO USE PSUEDONYM,
DKT. 4. - 2

grounds sufficient for Plaintiff to bring an individual CPA claim and the CPA claim as presented pleaded is subject to dismissal.

### B.    Amount in Controversy

1.    Plaintiff shall show cause as to whether the amount in controversy is sufficient for diversity jurisdiction to be invoked. The complaint alleges subject matter jurisdiction on the grounds the matter in controversy exceeds $75,000 and is between citizens of different states. A complaint that alleges the controversy exceeds $75,000 normally suffices unless the claim, to a legal certainty is really for less than the $75,000 jurisdictional amount. *See e.g. Rosenwald v. Kimberly-Clark Corporation*, 152 F.4th 1167, 1178 (9th Cir. 2025). The complaint alleges Plaintiff signed a representation agreement with Defendants in June 2021 for an "initial flat fee of $5,600.00 due June 18, 2021. Plaintiff seeks "disgorgement" of the fees she paid. The $5,600.00 in fees mentioned in the complaint obviously falls far short of the amount needed to invoke diversity jurisdiction. Plaintiff also seeks treble damages under the CPA but her allegations that fall outside the CPA. Even if treble damages were available, tripling the $5,600 fees involved would still fall far short of $75,000. Plaintiff further seeks "compensatory damages," but the complaint contains no facts supporting whether what compensatory damages are involved or whether such an award is even available. Hence, unless Plaintiff can show the amount in controversy is sufficient for diversity jurisdiction to be invoked, the Court lacks subject matter jurisdiction over the case.

### C.    Duplicative Lawsuits

1.    Plaintiff shall show cause why this complaint should not be dismissed as duplicative of the two other lawsuits she filed against the same Defendants in the Whatcom County Superior Court and in the United States District Court for the District of Colorado (*Doe*

ORDER DIRECTING PLAINTIFF TO SHOW CAUSE
AND RENOTING MOTION TO USE PSUEDONYM,
DKT. 4. - 3

*v. O. Shane Balloune, and Balloune Law Profession Corporation*, 1:26cv02681-RTG). *See* Dkt. 2 (Plaintiff's Notice of filing other actions). Washington law bars plaintiffs from bringing multiple lawsuits flowing from a single occurrence. *See e.g. Estate of Hunter v. Allstate Ins. Co.*, 193 Wash.App. 1016, 2016 WL 1446130 at * 4 (Div. III, April 7, 2016) citing *Landry v. Luscher*, 95 Wash. App. 779, 976 P.2d 1274 (1999) (A plaintiff cannot file one suit to recover for property damage resulting from an accident and a second suit to recover for personal injury damages resulting from the same accident)). Federal law also disfavors duplicative litigation. *See Miller v. Carr*, 535 F. Supp 682, 685 (W.D. Wash. 1982). While this Court may have jurisdiction over this matter based upon diversity of citizenship assuming the amount in controversy is met, all of Plaintiff's substantive claims are based upon Washington State Law, not federal law, and as federal jurisdiction is based upon diversity of citizenship, the Court would be required to apply Washington State Law to Plaintiff's substantive claims.

2.      In directing Plaintiff to show cause, the Court does not suggest venue lies in some other federal district given Plaintiff's allegation Defendants reside in the district and a substantial part of the acts or omissions allegedly committed by Defendants allegedly occurred in the district; the Court also does not suggest in which Court Plaintiff should bring her action. *See* 28 U.S.C. § 1391(b).

The Court accordingly **ORDERS**:

1.      Plaintiff shall show cause no later than **July 9, 2026** why cause of action IV alleging a violation of the CPA should not be dismissed for failure to state a claim.

2.      Plaintiff shall show cause no later than **July 9, 2026** why cause of actions I, II and III should not be dismissed as duplicative of the suits Plaintiff states she filed in the Whatcom County Superior Court and the United States District Court for the District of Colorado, and why

cause of action IV should not be dismissed as duplicative of the suit Plaintiff filed in the Whatcom County Superior Court.

3.      Plaintiff shall show cause no later than **July 9, 2026** that the amount in controversy actually meets the $75,000 needed to invoke diversity jurisdiction.

4.      The failure to timely respond or to properly show cause may result in dismissal of this case.

5.      Pending resolution of this order to show cause, and pending service of summons and complaint upon Defendants, the Court **RENOTES** Plaintiff's motion to proceed under a pseudonym (Dkt. 4) for September 18, 2026, or for seven days following Defendants' appearance, whichever is earlier.

6.      The clerk shall provide Plaintiff a copy of this order.

DATED this 22nd day of June, 2026.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DIRECTING PLAINTIFF TO SHOW CAUSE
AND RENOTING MOTION TO USE PSUEDONYM,
DKT. 4. - 5